IN THE UNITED STATES DISTRICT COURT
FOR THE WESTERN DISTRICT OF PENNSYLVANIA

| UNITED STATES OF AMERICA | ) | |
|---|---|---|
| Respondent, | ) | |
| | ) | Civil Action No. 10-902 |
| v. | ) | Criminal Action No. 09-123 |
| | ) | Criminal Action No. 09-301 |
| BRYANT R. FILTER | ) | |
| Petitioner. | ) | |

MEMORANDUM

Gary L. Lancaster,
Chief Judge.                                    October 18, 2010

This is an action to vacate sentence. Pro se petitioner, Bryant R. Filter, has filed two identical motions to vacate, set aside, or correct sentence under 28 U.S.C. § 2255 (hereinafter "Section 2255"). [Doc. No. 48 at 09-123; Doc. No. 54 at 09-301].[1] Petitioner claims that his sentence should be vacated, set aside, or corrected for the following reasons: (1) his counsel was ineffective; (2) the court erred at sentencing when it used an improper sentencing guideline manual; (3) the court violated 18 U.S.C. § 3553; and (4) the court failed to make findings about psychiatric evidence that was relevant to the 18 U.S.C. § 3553(a) sentencing factors.

---

[1] The motions to vacate for both criminal actions were consolidated as one at Civil No. 10-902. Although petitioner filed motions at two separate criminal docket numbers, we will refer to petitioner's singular motion because the motions are the same.

The government filed a response and a motion to dismiss petitioner's motion to vacate, set aside, or correct sentence and argues that petitioner knowingly and voluntarily waived his right to file a motion to vacate sentence under Section 2255 in his plea agreements with the government. [Doc. No. 50 at 09-123; Doc. No. 58 at 09-301]. Petitioner filed a reply to the government's motion to dismiss and argues that he was mentally incompetent during the plea negotiations, plea colloquies, and sentencing. [Doc. No. 51 at 09-123; Doc. No. 59 at 09-301].

Because the collateral waivers contained in petitioner's plea agreements are valid and enforceable, the government's motion to dismiss will be granted. Thus, petitioner's motion to vacate, set aside, or correct sentence will be denied.

I. BACKGROUND

On April 6, 2009, petitioner was charged with one count of wire fraud in violation of 18 U.S.C. § 1343, and one count of mail fraud in violation of 18 U.S.C. § 1341. On April 14, 2009, petitioner entered into a plea agreement with the government and pled guilty to both counts. [Doc. No. 8 at 09-123].

On November 2, 2009, petitioner was charged with one count of bank fraud in violation of 18 U.S.C. § 1344, two counts of wire fraud in violation of 18 U.S.C. § 1343, and two counts of mail fraud in violation of 18 U.S.C. § 1341. On November 6, 2009,

petitioner entered into a plea agreement with the government and pled guilty to four of the five counts. [Doc. No. 28 at 09-301].[2]

Petitioner's written plea agreements with the government state that petitioner waived the right to file a direct appeal from his conviction or sentence, subject to certain exceptions, and that he:

> further waives the right to file a motion to vacate sentence, under 28 U.S.C. § 2255, attacking his conviction or sentence, and the right to file any other collateral proceeding attacking his conviction or sentence.

[Doc. No. 8 at 09-123; Doc. No. 28 at 09-301].

Based upon an adjusted offense level of 33, and a criminal history category of I, petitioner's guideline sentencing range was 135 to 168 months. On February 5, 2010, this court sentenced defendant, in a consolidated proceeding, to 135 months of incarceration to be followed by five years of supervised release. [Doc. No. 37 at 09-123; Doc. No. 44 at 09-301].

Petitioner filed a direct appeal of his sentence to the United States Court of Appeals for the Third Circuit. The government filed a motion with the court of appeals to enforce the appellate waiver contained in petitioner's plea agreements. The court of appeals summarily granted the government's motion to

---

[2] In the plea agreement, the government agreed to dismiss one count of wire fraud. [Doc. No. 28 at 09-301].

enforce the appellate waiver. <u>United States of America v. Bryant R. Filter</u>, No. 10-1897 (3d Cir. June 3, 2010).

On July 7, 2010, petitioner filed the identical timely motions to vacate, set aside, or correct sentence under Section 2255 that are presently before this court. [Doc. No. 48 at 09-123; Doc. No. 54 at 09-301].

## II. <u>LEGAL STANDARD</u>

A federal prisoner may move the sentencing court to vacate, set aside, or correct a sentence on the grounds that the sentence was imposed in violation of the Constitution or laws of the United States, or that the court was without jurisdiction to impose such a sentence, or that the sentence was in excess of the maximum authorized by law, or is otherwise subject to collateral attack. 28 U.S.C. § 2255.

A petitioner "is entitled to relief only if he can demonstrate that he is in custody in violation of federal law or the Constitution." <u>Jackson v. United States</u>, No. 07-1525, 2008 WL 5429695, at *10 (W.D. Pa. Dec. 30, 2008) (quoting <u>Hernandez v. United States</u>, No. 07-752, 2008 WL 3843510, at *2 (D.N.J. Aug. 14, 2008)).

A petitioner bears the burden of establishing his entitlement to Section 2255 relief. <u>United States v. Davies</u>, 394 F.3d 182, 189 (3d Cir. 2005). Relief under Section 2255 is

4

"generally available only in 'exceptional circumstances' to protect against a fundamental defect which inherently results in a complete miscarriage of justice or an omission inconsistent with the rudimentary demands of fair procedure." United States v. Gordon, 979 F. Supp. 337, 339 (E.D. Pa. 1997) (citing Hill v. United States, 368 U.S. 424, 428 (1962)). Moreover, as a Section 2255 motion to vacate is a collateral attack on a sentence, a criminal defendant "must clear a significantly higher hurdle than would exist on direct appeal" in order to obtain relief. United States v. Bohn, No. 92-61-02, 1999 WL 1067866, at *3 (E.D. Pa. Nov. 9, 1999) (quoting United States v. Frady, 456 U.S. 152, 166 (1982)).

Further, a district court is required to hold an evidentiary hearing on a motion to vacate filed under Section 2255 "[u]nless the motion and the files and records of the case conclusively show that the prisoner is entitled to no relief." 28 U.S.C. § 2255(b); United States v. Lilly, 536 F.3d 190, 195 (3d Cir. 2008).

Our review of the record, the petitioner's motion, and the government's response thereto, conclusively establishes that petitioner is not entitled to relief. Accordingly, we hold that an evidentiary hearing is not required.

III. DISCUSSION

Petitioner seeks, pursuant to Section 2255, to vacate, set aside, or correct his sentence. The government argues that petitioner knowingly and voluntarily waived his right to file a motion to vacate sentence. Petitioner responds that he was mentally incompetent during the plea negotiations, the plea colloquies, and the sentencing hearing. Thus, he contends that he did not knowingly or voluntarily waive his right to collaterally attack his sentence. We must determine whether the plea agreements are enforceable. Specifically, we must determine whether petitioner knowingly and voluntarily waived his collateral rights.

The United States Court of Appeals for the Third Circuit has held that waivers of appellate and collateral rights in plea agreements will be enforced "provided that they are entered into knowingly and voluntarily and their enforcement does not work a miscarriage of justice." United States v. Mabry, 536 F.3d 231, 237 (3d Cir. 2008); United States v. Khattak, 273 F.3d 557, 561-62 (3d Cir. 2001). The court of appeals has stated that district courts have an "independent obligation to conduct an evaluation of the validity of a collateral waiver." Mabry, 536 F.3d at 238.

A. Knowing and Voluntary Nature of the Waiver

We must first review the sufficiency of the plea agreements and the plea colloquies to determine whether the collateral waivers were knowing and voluntary. Id. at 239.

Petitioner waived his right to take a direct appeal, subject to a limited number of enumerated exceptions in both plea agreements. Petitioner also waived his right to file a motion to vacate sentence, under Section 2255, attacking his conviction or sentence, and the right to file any other collateral proceedings attacking his conviction or sentence in both plea agreements. Petitioner signed both plea agreements acknowledging that he understood the terms of the agreements, and affirming that he had read and discussed the plea agreements with his counsel. [Doc. No. 8 at 09-123; Doc. No. 28 at 09-301]. We find that the terms of both plea agreements were sufficient and clear with respect to petitioner's collateral waivers.

We must also analyze petitioner's claim that he was not competent to plead. The test for determining whether a defendant is competent to enter a plea of guilty is whether the defendant has "sufficient present ability to consult with his lawyer with a reasonable degree of rational understanding - and whether he has a rational as well as a factual understanding of the proceedings against him." Smith v. Freeman, 892 F.2d 331, 338 (3d Cir. 1989) (quoting Dusky v. United States, 362 U.S. 402 (1960)). Petitioner's knowing and voluntary waiver of his collateral rights was reinforced during both plea colloquies. We have reviewed the transcripts of both plea colloquies. At both colloquies this court

determined that petitioner was competent to plead. [Doc. No. 46 at 09-123; Doc. No. 51 at 09-301].

This court questioned petitioner about his state of mind to determine whether he was competent to plead. Petitioner stated that he had not taken any drugs, alcohol, or medication that affected his judgment during both colloquies. This court questioned petitioner about his psychiatric care, and petitioner stated that he had received treatment for drug and alcohol abuse at the first colloquy, and treatment for depression and anxiety in the second colloquy. At both plea colloquies, petitioner explained that he was taking prescribed medication, that he was clear-headed, and that the medications did not affect his judgment. [Doc. No. 46 at 09-123; Doc. No. 51 at 09-301].

This exchange occurring at both of petitioner's plea colloquies adequately addressed his competence to enter a guilty plea and satisfied this court's duty to inquire into any potential effects petitioner's medication may have had. Moreover, petitioner has offered no additional evidence that his medication rendered him incompetent to enter a plea of guilty at either of the plea colloquies. See e.g., United States v. Ballard, No. 03-810-01, 2009 WL 637384, at *8 (E.D. Pa. March 11, 2009).

The terms of the plea agreements were also explained to petitioner at both colloquies. Specifically, this court told petitioner that the plea agreements contained a waiver of the right

8

to file a motion to vacate sentence under Section 2255. This court asked if petitioner understood the plea agreements. Specifically, this court asked if petitioner understood that the plea agreements stated that he was waiving his right to collaterally attack his sentence. Petitioner stated that he understood the plea agreements, and that he specifically understood that he was giving up his right to collaterally attack his sentence. [Doc. No. 46 at 09-123; Doc. No. 51 at 09-301].

Based on the foregoing, we find that petitioner's guilty pleas were knowing and voluntary. At the time of his pleas, petitioner was competent to plead. Thus, petitioner understood the waiver of his collateral rights and knowingly and voluntarily waived the same.

B. <u>Miscarriage of Justice</u>

Despite the fact that petitioner's plea agreements are enforceable, the Court of Appeals for the Third Circuit instructs that we must also "look to the underlying facts to determine whether a miscarriage of justice would be worked by enforcing the waiver." Mabry, 536 F.3d at 243. Additionally, we are to consider "the clarity of the error, its gravity, its character (e.g., whether it concerns a fact issue, a sentencing guideline, or a statutory maximum), the impact of the error on the defendant, the impact of correcting the error on the government, and the extent to

which the defendant acquiesced in the result . . . ." Id. at 242-243 (citations and quotations omitted).

In Mabry, the court of appeals provided examples where the enforcement of a collateral waiver could result in a miscarriage of justice. Situations where a defendant's appeal rights preserved in the plea agreement were barred, or where counsel was ineffective in negotiating the plea agreement, have been found to result in a miscarriage of justice. Id. at 243. In this case, we find that enforcing the collateral waiver will not result in a miscarriage of justice.

More specifically, with respect to petitioner's appeal rights, petitioner has already appealed his sentence to the Court of Appeals for the Third Circuit raising issues that were not preserved as part of his plea agreement. The court of appeals found the appellate waiver in the plea agreements to be valid and summarily granted the government's motion to enforce the appellate waiver. United States of America v. Bryan R. Filter, No. 10-1897 (3d Cir. June 3, 2010).[3]

As to petitioner's claims of ineffective assistance of counsel, in Mabry, the Court of Appeals for the Third Circuit held

---

[3] We note that in petitioner's response to the government's motion to enforce the appellate waiver before the Court of Appeals for the Third Circuit, petitioner conceded "that he understood the provisions of his plea agreements both times he entered his pleas of guilty" and that he "knowingly waived his right to appeal his sentence as set forth in the plea agreements." United States of America v. Bryan R. Filter, No. 10-1897 (3d Cir. May 12, 2010).

10

that mere allegations of ineffectiveness of counsel will not automatically invalidate a knowing and voluntary waiver of collateral rights. Mabry, 536 F.3d at 243; see also U.S. v. Marsh, No. 09-141, 2010 WL 1005159, at *5 (W.D. Pa. March 17, 2010). There is nothing in the record that indicates petitioner's counsel was ineffective in negotiating the plea agreements. The plea and sentencing colloquies include multiple statements by petitioner that his counsel had adequately advised him during the plea and sentencing phases of his cases. Petitioner's assertions of coercion and his claims of ineffectiveness are not supported by the record.

With respect to petitioner's other claims contained in his collateral attack, petitioner's allegations are vague and conclusory. The collateral waivers contained in petitioner's plea agreements were broad and contained no exceptions. Thus, petitioner has failed to set forth any nonfrivolous grounds in his collateral attack that are not covered by the broad collateral waivers in his plea agreements. We find that enforcement of the collateral waiver in this case will not result in a miscarriage of justice.

In an abundance of caution, we take note of the only argument petitioner sets forth that alleges a potential miscarriage of justice, i.e., petitioner's claim that he was mentally incompetent during the plea negotiations and plea colloquies.

However, as previously discussed, the plea colloquies clearly indicate that petitioner was of sound mind and understood the nature of the plea agreements. Petitioner's claims of incompetence are further undermined by his concession to the Court of Appeals for the Third Circuit that he understood his plea agreements and knowingly waived his appellate rights. United States of America v. Bryan R. Filter, No. 10-1897 (3d Cir. May 12, 2010).

We have considered the relevant factors, including clarity, gravity, and character of the alleged error; the alleged error's impact on the parties; and the extent of the defendant's acquiescence in the result. The record is clear that this court properly sentenced petitioner within the proper guideline range and considered all the relevant sentencing factors. Petitioner knowingly and voluntarily waived his collateral rights, and enforcement of the waiver does not result in a miscarriage of justice.

### C. Certificate of Appealability

A court should issue a certificate of appealability where a petitioner makes a "substantial showing of the denial of a constitutional right." 28 U.S.C. § 2253(c)(2). A petitioner meets this burden by showing that "reasonable jurists would find the district court's assessment of the constitutional claims debatable or wrong." Slack v. McDaniel, 529 U.S. 473, 484 (2000). We find that jurists of reason would not find our conclusion debatable that

petitioner does not present any claims upon which habeas relief may be granted. Thus, we will deny a certificate of appealability.

IV. Conclusion

Accordingly, we find petitioner's collateral waiver to be valid and enforceable. The government's motion to dismiss petitioner's motions to vacate sentence will be granted. Petitioner's motions to vacate sentence will be denied and a certificate of appealability will not be issued.

An appropriate order follows.

IN THE UNITED STATES DISTRICT COURT
FOR THE WESTERN DISTRICT OF PENNSYLVANIA

| | | |
|---|---|---|
| UNITED STATES OF AMERICA | ) | |
| Respondent, | ) | |
| | ) | Civil Action No. 10-902 |
| v. | ) | Criminal Action No. 09-123 |
| | ) | Criminal Action No. 09-301 |
| BRYANT R. FILTER | ) | |
| Petitioner. | ) | |

ORDER

AND NOW, this 18th day of October, 2010, upon consideration of the government's motions to dismiss [Doc. No. 50 at 09-123; Doc. No. 58 at 09-301], IT IS HEREBY ORDERED THAT the motions are GRANTED.

IT IS HEREBY FURTHER ORDERED THAT petitioner's motions to vacate, set aside, or correct sentence [Doc. No. 48 at 09-123; Doc. No. 54 at 09-301] are DENIED.

IT IS HEREBY FURTHER ORDERED THAT the court declines to issue a Certificate of Appealability.

The Clerk of Court is directed to mark this case closed.

BY THE COURT:

_____, C.J.

cc: All Counsel of Record

Bryant R. Filter, #30354-068
FCI-Milan
P.O. Box 1000
Milan, MI 48160